IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.  20-CR-6034(CJS)

QUONDALL DAVIS a/k/a Hotdog,

Defendant.

## PLEA AGREEMENT

The defendant, QUONDALL DAVIS a/k/a Hotdog, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges a violation of Title 18, United States Code, Sections 1591(a)(1) and 1591(b)(2) (sex trafficking of a minor), for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of life, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for the offense of conviction pursuant to Title 18, United States Code, Section 3014.

1

3. The defendant acknowledges that pursuant to Title 18, United States Code, Section 1593, the Court must order restitution for the full amount of the victim's or victims' compensable losses as determined by the Court. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

4. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapters 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life.

5. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised

and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## I.     ELEMENTS AND FACTUAL BASIS

6.     The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

    a.     The defendant knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained a person less than eighteen years old;

    b.     The defendant knew that the person was less than 18 years old, acted in reckless disregard of the child victim's age, or had a reasonable opportunity to view the child victim;

    c.     The defendant knew that the person would be caused to engage in a commercial sex act; and

    d.     The defendant's act of recruiting, enticing, harboring, transporting, providing, obtaining, or maintaining was in or affecting interstate or foreign commerce.

## II.     FACTUAL BASIS

7.     The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

    a.     In or about and between April 2017 and July 2018, the defendant, QUONDALL DAVIS a/k/a Hotdog, in the Western District of New York, knowingly recruited Minor Victim 1 and Minor Victim 2 to engage in commercial sex acts. DAVIS posted advertisements on "Cityxguide.com," to entice customers to engage in commercial sex acts with Minor Victim 1 and Minor Victim 2. Minor Victim 1 and Minor Victim 2 each engaged in commercial sex acts and gave a portion of the

      profits from the commercial sex acts to DAVIS. DAVIS knew Minor Victim 1 and Minor Victim 2 had not reached the age of 18 at the time they engaged in the commercial sex acts.

b.    Additionally, the government maintains that DAVIS also recruited Minor Victim 3 to engage in commercial sex acts. DAVIS knew that Minor Victim 3 had not reached the age of 18 at the time of the commercial sex acts.

c.    DAVIS agrees that Cityxguide.com is an internet website providing classified advertising across the United States and internationally. The website servers are located in Hong Kong.

## SENTENCING GUIDELINES

8.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## MINOR VICTIM 1

## BASE OFFENSE LEVEL

9.    The government and the defendant agree that Guidelines § 2G1.3(a)(2) applies to the offense of conviction and provides for a base offense level of 30 for Minor Victim 1.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

10.    The government and the defendant agree that the following specific offense characteristics do apply for Minor Victim 1:

a.    the two-level increase pursuant to Guidelines § 2G1.3(b)(3)(B) (use of a computer to entice, encourage, offer or solicit a person to engage in prohibited sexual conduct with a minor); and

b.    the two-level increase pursuant to Guidelines § 2G1.3(b)(4) (offense involved commission of a sex act).

4

## ADJUSTED OFFENSE LEVEL

11. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction for Minor Victim 1 is 34.

## MINOR VICTIM 2
## BASE OFFENSE LEVEL

12. The government and the defendant agree that Guidelines § 2G1.3(a)(2) applies to the offense of conviction and provides for a base offense level of 30 for Minor Victim 2.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

13. The government and the defendant agree that the following specific offense characteristics do apply for Minor Victim 2:

   a. the two-level increase pursuant to Guidelines § 2G1.3(b)(3)(B) (use of a computer to entice, encourage, offer or solicit a person to engage in prohibited sexual conduct with a minor); and

   b. the two-level increase pursuant to Guidelines § 2G1.3(b)(4) (offense involved commission of a sex act).

5

## ADJUSTED OFFENSE LEVEL

14. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction for Minor Victim 2 is 34.

## MINOR VICTIM 3
## BASE OFFENSE LEVEL

15. The government maintains that Guidelines § 2G1.3(a)(2) applies to the offense of conviction and provides for a base offense level of 30 for Minor Victim 3. The defendant specially reserves the right at the time of sentencing to argue to the Court that the defendant did not recruit Minor Victim 3 to engage in commercial sex acts, thus there should be no increase to the defendant's total offense level for Minor Victim 3.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

16. The government maintains that the following specific offense characteristics do apply if the Court determines that the defendant recruited Minor Victim 3 to engage in commercial sex acts:

   a. the two-level increase pursuant to Guidelines § 2G1.3(b)(3)(B) (use of a computer to entice, encourage, offer or solicit a person to engage in prohibited sexual conduct with a minor); and
   b. the two-level increase pursuant to Guidelines § 2G1.3(b)(4) (offense involved commission of a sex act).

6

## ADJUSTED OFFENSE LEVEL

17. Based on the foregoing, the government maintains that the adjusted offense level for the offense of conviction for Minor Victim 3 is 34 if the Court determines that the defendant recruited Minor Victim 3 to engage in commercial sex acts.

## COMBINED ADJUSTED OFFENSE LEVEL

18. Based on ¶¶ 9 through 17 of this agreement and Guidelines § 3D1.4(a), it is the understanding of the government and the defendant that if the Court determines that the defendant did, in fact, recruit Minor Victim 3 to engage in commercial sex acts, the combined adjusted offense level is 37. However, if the Court determines that the defendant did not recruit Minor Victim 3 to engage in commercial sex acts, the combined adjusted offense level is 36.

## U.S.S.G. CHAPTER 4 ADJUSTMENTS

19. The government and the defendant agree that the following adjustment applies:

   a. the five-level increase pursuant to Guidelines § 4B1.5(b) (pattern of conduct).

## TOTAL OFFENSE LEVEL

20. Based on the foregoing, it is the understanding of the government and the defendant that if the Court determines that the defendant did, in fact, recruit Minor Victim 3 to engage in commercial sex acts, the total offense level is 42. However, if the Court

7

determines that the defendant did not recruit Minor Victim 3 to engage in commercial sex acts, the total offense level is 41.

## ACCEPTANCE OF RESPONSIBILITY

21. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b). Accordingly, if the Court determines that the defendant did, in fact, recruit Minor Victim 3 to engage in commercial sex acts, it results in a total offense level of 39. Should the Court determine that the defendant did not recruit Minor Victim 3 to engage in commercial sex acts, it results in a total offense level of 38.

## CRIMINAL HISTORY CATEGORY

22. It is the understanding of the government and the defendant that the defendant's criminal history category is VI. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category. The defendant asserts his criminal history category is overstated based on the nature and circumstances of his prior criminal convictions.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

23. It is the understanding of the government and the defendant that, with a total offense level of either **38 or 39** and criminal history category of VI, the defendant's sentencing

8

range would be a term of imprisonment of **360 months to life**, a fine of $50,000 to $250,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in Paragraph 1 of this agreement.

24. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

25. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### III. STATUTE OF LIMITATIONS

26. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period

of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### IV. REMOVAL

27. The defendant understands that, if convicted, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### V. GOVERNMENT RIGHTS AND RESERVATIONS

28. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or fine and the method of payment;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

29. At sentencing, the government will move to dismiss the remaining counts in Indictment 20-CR-6034 pending against the defendant.

## VI. APPEAL RIGHTS

30. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 23, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

31. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

32. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 23, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

11

## VII. FORFEITURE PROVISIONS
## COMPUTER

33. As a result of his conviction for the offenses alleged in Count 1 of the Indictment, the defendant agrees to criminally forfeit to the United States of America, any property real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property, and any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly of such violation, and any property traceable to such property, including but not limited to the following:

   a)   One Black ZTE cellular telephone seized from the defendant's person.

34. The defendant also agrees that the property listed above is properly forfeitable to the United States pursuant to Title 18, United States Code, Section 1594(d). The defendant further agrees to fully assist the government in the forfeiture of the aforementioned property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, as deemed necessary by the government.

35. After the acceptance of this Plea of Guilty, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the government will request a <u>Preliminary Order of Forfeiture</u> covering the items listed above. The defendant hereby waives any right to notice

of such <u>Preliminary Order of Forfeiture</u>. The defendant further consents and agrees that the <u>Order of Forfeiture</u> shall become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the Judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

36. The defendant agrees to the entry of an Order of Forfeiture for the aforementioned property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time his guilty plea is accepted.

37. The defendant agrees that forfeiture of the aforementioned property as set forth in this agreement shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

38. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and

voluntarily waives all constitutional, legal and equitable defenses to the forfeiture in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

39. The defendant further waives any right to appeal or collaterally attack any matter in connection with the forfeiture of the items listed above as provided in this agreement.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

40. This plea agreement represents the total agreement between the defendant, **QUONDALL DAVIS a/k/a Hotdog**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
MELISSA M. MARANGOLA
Assistant United States Attorney

Dated: September 14, 2020

## ACKNOWLEDGMENT

I have read this agreement, which consists of pages 1 through 15. I have had a full opportunity to discuss this agreement with my attorney, Jeffrey Wicks, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. <u>I am authorizing my attorney, Jeffrey Wicks, Esq. to sign this agreement on my behalf</u>, voluntarily and of my own free will.

_____  
QUONDALL DAVIS  
Defendant  *Jeffry Wicks, Esq.*  
Dated: September 14, 2020  
ON BEHALF OF  
QUONDALL DAVIS  
JW

_____  
JEFFREY WICKS, ESQ.  
Attorney for the Defendant  
Dated: September 14, 2020

15